IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RANDY CHAPEL, et. al.,<br><br>Plaintiff(s),<br>v.<br><br>COMMISSION ON ACCREDITING OF THE ASSOCIATION OF THEOLOGICAL SCHOOLS, et. al.,<br><br>Defendant(s). | CASE NO. 5:12-cv-03236 EJD<br><br>**ORDER DISMISSING CASE**<br><br>[Docket Item No(s). 22] |

Presently before the court is the request of Plaintiffs Randy Chapel and Carol Nye-Wilson ("Plaintiffs") to dismiss the above-entitled action pursuant to Federal Rules of Civil Procedure 41(a)(1). See Docket Item No. 22. Although dismissals pursuant to Rule 41(a)(1) are normally routine matters that proceed without controversy, the court is compelled to write a separate order addressing Plaintiffs' request for the reasons described below.

The court begins with the text of the rule at issue. Rule 41(a) allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). "But if the plaintiff previously dismissed any federal or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Id.

Generally, plaintiffs seeking to resolve a case through the voluntary provisions of Rule

1

CASE NO. 5:12-cv-03236 EJD
ORDER DISMISSING CASE

41(a)(1) file one-page documents simply requesting dismissal which the court then approves in order to close the case. That procedure is all that is mandated by the rule. They do not file what Plaintiffs filed here: a 4-page recitation of inflammatory argument and one-sided factual statements designed either to provoke the opposing parties or color the court's perception of the case. Such conduct is unnecessary to accomplish the goal of dismissal and is entirely unacceptable under the circumstances. While the court is mindful that Plaintiffs are proceeding without representation and that certain latitude must be allowed, a pro se plaintiff is nonetheless "expected to abide by the rules of the court in which he litigates." Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986)). The rules do not allow for the pleading that Plaintiffs have submitted to the court in any sense.

In response to Plaintiffs' dismissal request, Defendant United States of America (the "Government") urges the court to either dismiss this action with prejudice now or postpone ruling on the dismissal until the hearing on the Government's pending motion to dismiss. While the Government's position is understandable, the court nonetheless declines both requests.

Instead, the court will construe Plaintiffs' improper pleading as a Notice of Dismissal under Rule 41(a)(1). As so construed, this case is DISMISSED pursuant to the provisions of that rule.

To be clear, this resolution is in no way meant to condone or approve Plaintiffs' conduct here. In fact, Plaintiffs are advised that similar practices in subsequent cases may subject them to sanctions, including the imposition of a pre-filing order.

The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 12, 2012



EDWARD J. DAVILA
United States District Judge

2

CASE NO. 5:12-cv-03236 EJD
ORDER DISMISSING CASE